FILED by MG D.C.
ELECTRONIC
December 11, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **08-61980 Civ-Cohn/Seltzer**

PHILLIP PATNAUDE,

    Plaintiff,

vs.

SEARS PEST CONTROL, INC., a
Florida corporation, ALAN KRAVITSKY,
individually, and LARRY KRAVITSKY,
individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PHILLIP PATNAUDE, sues the Defendants, SEARS PEST CONTROL, INC., a Florida corporation, ALAN KRAVITSKY, individually, and LARRY KRAVITSKY, individually (hereinafter collectively referred to as "Defendants"), and for his causes of action, declares and avers as follows:

1.     Plaintiff, PHILLIP PATNAUDE, is a former employee of Defendants, and brings this action for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the FLSA").

2.     Plaintiff is a resident of Broward County, Florida, and within the jurisdiction of this Court.

3.     Defendant, SEARS PEST CONTROL, INC., is a Florida corporation and is within the jurisdiction of this Court.

4.     Defendant, ALAN KRAVITSKY, upon information and belief, is a resident of

1

Broward County, Florida, and within the jurisdiction of this Court. At all times material hereto, Defendant, ALAN KRAVITSKY, owned, managed and/or operated the corporate Defendant. Moreover, at all times material hereto, ALAN KRAVITSKY, regularly exercised the authority to hire and fire employees; determine the work schedules of employees; set the pay rates of employees; and control the finances and operations of the corporate Defendants. By virtue of such control and authority, ALAN KRAVITSKY, is an "employer" under the FLSA.

5. Defendant, LARRY KRAVITSKY, upon information and belief, is a resident of Broward County, Florida, and within the jurisdiction of this Court. At all times material hereto, Defendant, LARRY KRAVITSKY, owned, managed and/or operated the corporate Defendant. Moreover, at all times material hereto, LARRY KRAVITSKY, regularly exercised the authority to hire and fire employees; determine the work schedules of employees; set the pay rates of employees; and control the finances and operations of the corporate Defendants. By virtue of such control and authority, LARRY KRAVITSKY, is an "employer" under the FLSA.

6. This action is brought to recover from the Defendants unpaid wages, including but not limited to minimum wages and overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

2

8. At all times material hereto, the Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

9. At all times material hereto, during his employment with Defendant, Plaintiff was engaged in interstate commerce.

10. At all times material hereto, Defendants paid Plaintiff at the hourly rate of seventeen dollars ($17.00) per hour plus ten percent (10%) commission for the sale of certain services and/or products.  However, at all times pertinent to this Complaint, Defendants failed to properly pay Plaintiff in that Plaintiff, while employed by Defendants, performed hours of service for Defendants, including but not limited to in excess of forty (40) during one or more workweeks, for which Defendants failed to properly pay wages, including but not limited to minimum wages and overtime compensation.

11. In the course of his employment with Defendants, Plaintiff worked the number of hours required of him, including but not limited to many times in excess of forty (40), but was not properly paid wages, including but not limited to minimum wages and overtime compensation.

12. The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay wages, including but not limited to minimum wages and overtime compensation, to Plaintiff.

13. Defendants owe Plaintiff wages, including but not limited to minimum wages and overtime compensation.  As such, Defendants have failed to comply with 29 U.S.C. § 201-19, Art. X, § 24, Fla.'s Const., and the common law in that Plaintiff performed

3

        hours of service for Defendants for which Defendants failed to properly pay wages, including but not limited to minimum wages and overtime compensation.

14. The pay practices of Defendants as described in the above paragraphs violated the FLSA and Florida's Minimum Wage Law by failing to properly pay overtime and minimum wages to Plaintiff.

## COUNT I - RECOVERY OF UNPAID OVERTIME

15. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Plaintiff is entitled to be paid half time for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.

17. By reason of the willful and unlawful acts of the Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

18. As a result of the Defendants' violation of the Act, Plaintiff is entitled to liquidated damages in an amount equal to that which he is owed as unpaid overtime.

        WHEREFORE, Plaintiff, PHILLIP PATNAUDE, demands judgment against Defendants for the overtime wages due him, liquidated damages, reasonable attorneys' fees and costs of suit, and all other relief the Court deems just and proper.

### COUNT II - RECOVERY OF UNPAID MINIMUM WAGES

19. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

20. Plaintiff is entitled to be paid minimum wages pursuant to federal and state law, at the appropriate rates established thereby.

21. By reason of the willful and unlawful acts of the Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

22. As a result of the Defendants' violation of federal and state law, Plaintiff is entitled to liquidated damages in an amount equal to that which he is owed as unpaid minimum wages.

WHEREFORE, Plaintiff, PHILLIP PATNAUDE, demands judgment against Defendants for the wages and payments due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

### COUNT III - RECOVERY OF UNPAID WAGES

23. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 14 above as if fully set forth herein.

24. In addition to the minimum wages Plaintiff is owed pursuant to federal and state law, Plaintiff is owed the remainder of his regular wages.

25. At all times material hereto, Defendants have refused to pay Plaintiff his wages.

WHEREFORE, Plaintiff, PHILLIP PATNAUDE, demands judgment against Defendants for the wages and payments due him for the hours worked by him for which

5

he has not been properly compensated, reasonable attorneys' fees pursuant to § 448.08, costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:  December 8, 2008
        Boca Raton, FL

Respectfully submitted,

_/s/ FGN 0146315_
for: DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
E-mail: drlevine@sbwlawfirm.com
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Telephone:  (561) 477-7800
Facsimile:  (561) 477-7722
Attorneys for Plaintiff

6

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
PHILLIP PATNAUDE,

### DEFENDANTS
SEARS PEST CONTROL, INC., et al.

(b) County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel R. Levine, Esq., Shapiro Blasi Wasserman & Gora, P.A.,
7777 Glades Road, Suite 400, Boca Raton, FL 33434
(561) 477-7800 - Main; (561) 477-7722 - Fax

Attorneys (If Known)
0:08cv 61980 JIC/BSS

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** / **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation / ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure / ☐ 442 Employment / **Habeas Corpus:** |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment / ☐ 443 Housing/ Accommodations / ☐ 530 General |  | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land / ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 462 Naturalization Application |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability / ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property / ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☒ 3 Re-filed- (see VI below)
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☒ YES ☐ NO      b) Related Cases ☐ YES ☒ NO
JUDGE William J. Zloch          DOCKET NUMBER 0:08-cv-61818-WJZ

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act, 29 U.S.C. § 201.

LENGTH OF TRIAL via 2-3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $ 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: s/ [signature]

DATE: December 8, 2008

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 544889    IFP

JS 44 Reverse (Rev. 02/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States District Courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VIII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61818-CIV-ZLOCH

PHILLIP PATNAUDE,

    Plaintiff,

vs.                        **FINAL ORDER OF DISMISSAL**

SEARS PEST CONTROL, INC.,
et al.,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    In its prior Order (DE 3) the Court ordered Plaintiff to "file a statement of the claim setting forth the amount of alleged unpaid wages, the means of calculating such wages, and the nature of said wages (including but not limited to overtime or regular wages) with the Clerk of this Court, within twenty days of this Order." See DE 3. A careful review of the file herein reveals that Plaintiff has failed to file said statement of the claim in response to the aforementioned Order (DE 3). Further, in its prior Order the Court notified Plaintiff that failure to comply with the terms and conditions of the aforementioned Order (DE 3) may result in dismissal of the above-styled cause without further notice or hearing.

    Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** without prejudice; and

2. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____4th____ day of December, 2008.

　　　　　　　　　　　　　　　　／s／ William J. Zloch
　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　United States District Judge

Copy furnished:

Daniel R. Levine, Esq.
Counsel for Plaintiff

2