```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61980-CIV-ZLOCH

PHILLIP PATNAUDE,

         Plaintiff,
                                      DEFAULT FINAL JUDGMENT
vs.                                  Re: LIABILITY AS TO DEFENDANT
                                         SEARS PEST CONTROL, INC.
SEARS PEST CONTROL, INC.
ALAN KRAVITSKY, LARRY
KRAVITSKY,

         Defendants.
                                    /
```

THIS MATTER is before the Court upon Defendant Alan Kravitsky's Motion To Continue (DE 15) and Plaintiff Phillip Patnaude's Motion For Default Judgment (DE 16). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

As demonstrated by a Return of Service (DE 9), Defendant Sears Pest Control, Inc. was served on December 17, 2008, with a copy of the Complaint and Summons filed herein. It failed to file the appropriate motion or responsive pleading within the time prescribed by law, and Default was entered against it. Defendant Alan Kravitsky, pro se, made an appearance and attempted to file a motion on behalf of Defendant Sears Pest Control, Inc. See DE 12. The Court struck the same because Kravitsky is not an attorney and cannot appear on behalf of the corporation. Plaintiff then filed his instant Motion For Default Final Judgment (DE 16).

Plaintiff filed the instant Motion, seeking a Default Final Judgment with damages in excess of $30,000. In support of this award is Plaintiff's own Declaration (DE ??), where he states that

he was employed "from *approximately* August 2006 to *approximately* October 2008"; he "received *approximately* $500.00 per week in commissions"; he "worked *approximately* fifty (50) hours per workweek"; based on his calculations he is "owed *approximately* $15,120.00 in unpaid overtime compensation." DE 16, Ex. 1 (emphasis added). The well-pleaded allegations made in Plaintiffs' Complaint (DE 1) are deemed admitted by virtue of Defendant's Default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005). But that does not mean that Plaintiff does not have to establish his damages or can do so through a mere approximation.

When a defendant is in Default, a plaintiff may move for Default Final Judgment under Rule 55(b)(1) when the damages are for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Here, the amount sought is not certain; it is an approximation of figures, one that may result in damages greater than what Plaintiff is truly entitled to under the law. Rule 55(b)(1) does not contemplate a windfall for those plaintiffs whose adversaries fail to defend an action. Therefore, the Court shall proceed under Rule 55(b)(2) and hold a hearing where Plaintiff will have to establish his damages before a Default Final Judgment will be entered. *See* 10A Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 2682 (1998 & West Supp. 2008). Liability is deemed established against Defendant Sears Pest Control, Inc., and a hearing on damages will be conducted when the Court holds Pre-Trial Conference for those Defendants who have made

an appearance and wish to defend this action.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff Philip R. Patnaude's Motion For Default Final Judgment (DE 16) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

   a. To the extent Philip R. Patnaude's Motion For Default Final Judgment (DE 16) seeks a judgment re: liability as to Defendant Sears Pest Control, Inc., it be and the same is hereby **GRANTED**;

   b. Pursuant to Federal Rule of Civil Procedure 55, Default Final Judgment Re: Liability be and the same is hereby **ENTERED** in favor of Plaintiff Philip R. Patnaude and against Defendant Sears Pest Control, Inc.;

   c. In all other respects Plaintiff's instant Motion (DE 16) be and the same is hereby **DENIED**;

3. Defendant Alan Kravitsky's Motion To Continue (DE 15) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____30th____ day of January, 2009.

                                   _____
                                   WILLIAM J. ZLOCH
                                   United States District Judge

Copies furnished:

All Counsel and Parties of Record